this court. 2. This court must decide on the facts stated in the bill of exceptions. If the tract of land had acquired by reputation a different name from that given in the certificate of survey, the plaintiff should have described it as *Notlar's Desire*, otherwise called *Notley's Desire;* and not having done so, he must be confined to the name mentioned in his declaration. Although the deed from *Clouds* to *Fling*, with other evidences of title, might be proper to be read, yet without them the deed could not be proper evidence. There is nothing to show why the court dispensed with a patent for the land, except the certificate of survey, and the deed. The court are not bound to permit to be read in evidence any deed or paper the counsel may require to be read; but the counsel must show the relevancy of the deed or paper to the case before the court.

THE COURT were of opinion, that there was error in the judgment, because the term of the demise stated in the declaration had expired before the trial in the court below. They *dissented* from the opinion of the court below in the *first* bill of exceptions, but *concurred* in the opinion in the *second* bill of exceptions; and they awarded a *procedendo*, being of opinion, that when the record went back for a new trial, the court below could enlarge the term of the demise.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

## WILLIAMS VS. GALE.

DEC. (E. S.)

*Where a natural water course run through the lands of A and B, and A had, by cutting ditches on his own land, contiguous to the water course, increased the quantity of water which run down the course, to the injury of B's land, by overflowing the part adjoining the water course—Held, that B had no right to erect a bank on his own land, across the water course, to stop or obstruct the course, in order to prevent such injury, and thereby overflow & damage the land 1 A.*

APPEAL from *Somerset* County Court. This was an action on the case, brought by the appellee, (the plaintiff below,) against the appellant, (the defendant below,) for making and erecting a dam and bank of earth in and across an ancient stream of water which ran through the lands of the plaintiff and defendant, so as to overflow, drown, and cover with water, the land of the plaintiff, &c. The defendant pleaded not guilty, and issue was joined.

The defendant at the trial moved the court to direct the jury, that although it should appear to the jury, from the evidence, that there was a natural water course running and leading through the plaintiff's land, and through the defendant's land below the land of the plaintiff, yet if it should ap-

pear to the jury, from the evidence, that the plaintiff, by cut-
ting ditches on his own land, contiguous to the water course,
and making banks, and clearing and cultivating the land,
in the occupation and use of his land increased the quanti-
ty of water which flowed or run down the water course, in
a greater degree or quantity than what would have natu-
rally run or flowed down the same water course, to the
injury of the defendant's land, by overflowing the de-
fendant's land adjoining the natural course; and that
the plaintiff by the said means increased the veloci-
ty of the current of the water which came down the
water course, to the injury of the defendant's land, that
then and in that case the defendant had a right to erect
any necessary bank on and within the limits of his own
land, and across the water course, to obstruct the water
course, and to prevent such injury, and for the enjoyment
of the use and benefit of his own land, although the plain-
tiff's land should be damaged thereby; and that under such
circumstances the plaintiff cannot support the present acti-
on, but that the jury should find a verdict for the defen-
dant.    This opinion and direction the court, [*Polk*, Ch. J.
and *Done*, and *Robins*, A. J.] refused to give to the ju-
ry, but were of opinion, and so directed the jury, that un-
der the above circumstances the defendant had no right to
erect the bank to stop or obstruct the said water course.
The defendant excepted; and the verdict and judgment be-
ing for the plaintiff, the defendant appealed to this court.

The cause was argued before Nicholson, Earle, and
Johnson, J.

*Whittington*, for the Appellant, contended, that if the
water *was increased* on the defendant's land, by the ditch-
ing of the plaintiff on his own land, the defendant had a
right to dam it out; or if the *velocity* of the water was in-
creased, he had the same right; for the conduct of the
plaintiff caused a private nuisance, which the defendant
could sue for or abate.    He referred to 3 *Blk. Com. 5*,
218, 220. 1 *Morg. Vad. Mec.* 178, 180. 2 *Morg. V. M.*
168. *Wigford vs. Gill, Croke Eliz.* 269. 1 *Bac. Ab. 54;*
and *Richards vs. Gunby*, (in the late General Court).

*J. Bayly*, for the Appellee, referred to the act of 1790,
ch. 3.

JUDGMENT AFFIRMED.